Wendy Z. Zupac (State Bar No. 294468)
David A. Forkner (*pro hac vice application forthcoming*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
E-mail:  wzupac@wc.com
E-mail:  dforkner@wc.com

Jeffrey E. Faucette (State Bar No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (415) 315-1669
Facsimile:  (415) 433-5994
E-mail:  jeff@skaggsfaucette.com

Attorneys for Defendant Ferrero U.S.A., Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ABRAHAM DRUCKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FERRERO USA, INC.<br><br>Defendant. | Case No.: 3:19-cv-622<br><br>**NOTICE OF PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[*Removed from the San Francisco County Superior Court, Case No. CGC-18-571845. Assigned to Judge Teri L. Jackson*]<br><br>Complaint Filed:  December 5, 2018 |

PLEASE TAKE NOTICE that Defendant Ferrero U.S.A., Inc. ("Ferrero"), through undersigned counsel, hereby removes the case identified in Paragraph 1 below to this Court. The removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**I.     THE REMOVED ACTION**

1.     On or about December 5, 2018, Plaintiff Abraham Drucker filed a putative nationwide class action lawsuit in the Superior Court of California, County of San Francisco. The lawsuit is

captioned *Abraham Drucker, on behalf of himself and of all others similarly situated v. Ferrero USA, Inc.*, Docket No. CGC-18-571845.

2. Plaintiff alleges that in "October 2015," he purchased multiple "Nutella & Go[!] Products, including [Nutella & Go! snack packs] in the four-pack variety from Safeway in San Francisco, California." Complaint ("Compl.") ¶ 12.

3. Ferrero manufactures Nutella & Go! snack packs in two delicious varieties, one with crispy breadsticks, and the other with salted pretzels.



Compl. ¶ 3.

4. Consumers are on the go now more than ever, and snack foods are mobilizing. To that end, Nutella & Go! snack packs are designed to provide consumers with anytime-anywhere snacking convenience in numerous ways.

5. *First*, Nutella & Go! snack packs combine breadsticks or salted pretzel sticks with Nutella®, "[t]he Original Hazelnut Spread®", which has appeared on millions of breakfast tables around the world for 50 years. This combination packaging (or two-in-one dual packaging) allows foods that are not traditionally mobile to be eaten away from home.

6. *Second*, for on-the-go consumers, Nutella & Go! snack packs are sized and shaped to fit neatly in one hand, as depicted below:



7.      *Third,* Nutella & Go! snack packs are sized and shaped to hold a single serving[1] of Nutella® hazelnut spread and either crispy breadsticks or salted pretzels. The serving size appears on the Nutrition Facts Panel as *"Serving Size: 1 Unit"* as follows:



---

[1] FDA regulations govern serving size. For example, manufacturers must derive the appropriate food category and "Reference Amount Customarily Consumed Per Eating Occasion" ("RACC") for their product. *See* 21 U.S.C. § 343(q)(1)(A)(i); 21 C.F.R. § 101.12(b) ("The following reference amounts *shall be used* as the basis for determining serving sizes for specific products[.]" (emphasis added)). The FDA established RACCs for over 100 food product categories. *See* 21 C.F.R. § 101.12. These RACCs are listed in one of two tables. Table 1 is for infant and toddler foods. 21 C.F.R. § 101.12(b) (Table 1). Table 2 is for foods for the general population. *See id.* (Table 2). The FDA requires manufacturers to translate the applicable RACC into the serving size. *See* 21 C.F.R. § 101.9(b)(1)–(4); 21 C.F.R. § 101.9(b)(1) (Serving Size "means an amount of food customarily consumed per eating occasion by persons 4 years of age or older[.]").

8. Consistent with that disclosure, Nutella & Go! snack packs contain the right amount of Nutella® hazelnut spread necessary to create a single serving-sized snack and to achieve the proper ratio of breadsticks or pretzels to Nutella® hazelnut spread.

9. *Fourth,* Nutella & Go! snack packs are designed to enable consumers to "Dip in! Anytime Anywhere" by eating directly from the container. Nutella & Go! snack packs are divided into two compartments: one with a single serving of Nutella® hazelnut spread and the other with either breadsticks or pretzel sticks, which are used to scoop out the delicious Nutella® hazelnut spread:



Compl. ¶ 3.

10. Plaintiff does not question the convenience, quality, or deliciousness of the Nutella & Go! snack packs. Instead, Plaintiff claims: (a) the snack packs deceptively "make it appear that the Nutella[® hazelnut spread] portion of the Product fills half of the Product package," Compl. ¶ 3; (b) the "Nutella[® hazelnut spread] portion" of the snack pack contains "50% empty space" that serves no functional purpose, *id.* ¶¶ 5, 25, 28; (c) the "packaging is entirely opaque, making it impossible for a reasonable consumer to see the quantity of Nutella[® hazelnut spread] provided in each Product," *id.* ¶ 6; and (d) the Nutella & Go! snack pack "mimics the design of a Nutella[® hazelnut spread] Jar." *Id.* ¶ 4.

11. Although Plaintiff's Complaint contains 10 photographs and 92 allegations, Plaintiff omits that (a) Nutella & Go! snack packs have clear and conspicuous disclosures of quantity; (b) the

challenged empty space on each individual Nutella & Go! snack pack serves a variety of functions; and (c) consumers can readily view the challenged empty space in every individually-sold container:



12.      Despite these omissions, Plaintiff brings three causes of action under: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Cal. Bus. Prof. Code §§ 17500, *et seq.*; and (3) California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code §§ 17200, *et seq*. *See* Compl. ¶¶ 60–92.

13.      Plaintiff seeks to represent a putative nationwide class consisting of "all persons who reside and purchased [Nutella & Go! snack packs] in the United States at any time since 2012." Compl. ¶ 47. Alternatively, Plaintiff seeks to represent all persons "who resided in California when they purchased" Nutella & Go! snack packs, and/or all "'consumers' within the meaning of California Civil Code section 1761(d)." Compl. ¶ 48.

14.      Plaintiff seeks damages, restitution, disgorgement, and declaratory and injunctive relief, including (a) repayment of the full purchase price of all Nutella & Go! snack packs purchased by every person nationwide since 2012; (b) an order enjoining Ferrero from "further deceptive advertising, sales, and other business practices with respect to the Product's packaging[;]" and (c) an award of exemplary damages, statutory damages, attorneys' fees, costs and pre-judgment and post-judgment interest. Compl. ¶¶ 41, 45, 46, 71, 73, 82, 92, & Request for Relief.

## II. THE REMOVAL IS TIMELY

15. The removal is timely under 28 U.S.C. § 1446(b)(1). The Complaint was served on January 8, 2019, when Ferrero accepted service. *See* Exhibit ("Ex.") A (Record of Service) at 1. Ferrero filed this Notice of Removal within thirty (30) days of service, as required by law. *See, e.g.*, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132–33 (9th Cir. 2011).

## III. THE CONSENT REQUIREMENT IS INAPPLICABLE

16. Ferrero is the only named defendant in the case. In any event, this case could be removed by any defendant without the consent of any other defendant, as provided by 28 U.S.C. § 1453(b).

## IV. THE VENUE REQUIREMENT IS MET

17. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## V. FEDERAL JURISDICTION EXISTS

18. Federal jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as amended at 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, and 1711–1715). CAFA confers federal jurisdiction over putative class actions involving: (a) minimal diversity (i.e., diversity between any defendant and any putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590 (2013).

19. Unlike other removal cases, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's primary objective [is] ensuring Federal court consideration of interstate cases of national importance.") (citations omitted). This case satisfies CAFA's requirements.

### A. The Parties Are Diverse

20. The parties are minimally diverse because Ferrero and Plaintiff are, and were at all relevant times, citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A) (providing that for purposes

of CAFA jurisdiction, minimal diversity requires "any member of a class of plaintiffs" to be "a citizen of a State different from any defendant"); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

21. Plaintiff was (and is) a California resident and citizen. *See* Compl. ¶ 12 ("Plaintiff Abraham Drucker is an individual residing in San Francisco, California."); *see also* 28 U.S.C. § 1332(a)(l) (an individual is a citizen of the state in which he or she is domiciled).

22. A corporation is deemed a citizen of the state in which it has been incorporated and where it has its principal place of business. S*ee* 28 U.S.C. § 1332(c)(1). At the time of the filing of the pleadings and this notice of removal, Ferrero was (and remains) incorporated in Delaware. *See* Ex. B (Declaration of Beth Kotran) ¶ 3. At the time of the filing of the pleadings and this notice of removal, Ferrero's principal place of business was in Parsippany, New Jersey. *See* Compl. ¶ 15; Ex. B ¶ 4. Accordingly, Ferrero is not a citizen of California.

**B.     The Proposed Nationwide Putative Class Exceeds 100**

23. Ferrero does not concede the propriety of Plaintiff's putative class or subclass or that Plaintiff has pled plausible claims. Ferrero reserves its rights to challenge the propriety of the putative class and subclass in all respects. However, the Court looks to a plaintiff's allegations for purposes of removal. *See Standard Fire Ins. Co.*, 568 U.S. at 592.

24. As pled, Plaintiff's proposed class easily exceeds 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to maintain a nationwide putative class action on behalf of "all persons who reside and purchased the [Nutella & Go! snack packs] in the United States at any time since 2012." Compl. ¶ 47. Plaintiff alleges "on information and belief . . . that the *members of the Classes number in the millions.*" *Id.* ¶ 53 (emphasis added).

25. As defined, the proposed putative nationwide class well exceeds 100 members. *See Kearney v. Direct Buy Assocs., Inc.*, No. CV 14–04965 MMM, 2014 WL 12588636, at *4 (C.D. Cal. Oct. 23, 2014) ("The requirement of 100 persons or more is satisfied where plaintiff alleged they "believe[d] that the total number of class members is at least in the thousands."); *Feinberg v. Azoogleads, US, Inc.*, No. C 09-02314 JW, 2009 WL 10695726, at *2 n.3 (N.D. Cal. Nov. 3, 2009)

("CAFA's class-size requirement is satisfied because the Complaint alleges that the class is estimated to have thousands of individuals and other entities.").

### C. The Amount in Controversy Exceeds $5 Million

26. "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

27. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co.*, 568 U.S. at 592. In addition, the amount in controversy may include costs of compliance with injunctions, and attorneys' fees awarded under fee shifting statutes—including future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417–18 (9th Cir. 2018)).

28. In determining the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the Plaintiff on all such claims. *See Lewis v. Verizon Commc'ns Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). The Court also may consider summary-judgment-type evidence relevant to the amount in controversy. *See id*. at 400–01; *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Dart Cherokee Basin Operating Co*, 135 S. Ct. at 551–54.

29. Here, it is clear that the amount in controversy exceeds $5 million. Although Plaintiff does not specify the damages sought, Plaintiff alleges he and all other consumers throughout the United States from 2012 to the present "would not have purchased" the Nutella & Go! snack packs had they known "how little product they were getting." Compl. ¶ 39. For each putative class member, Plaintiff seeks their full purchase price, including all "out-of-pocket costs incurred in purchasing" the

Nutella & Go! snack packs. *Id.* ¶ 41; *see also id.* ¶ 82 (seeking damages to "restore to any person in interest any money paid for the Product."). By doing so, Plaintiff has placed into controversy *at least* the total price paid by all putative class members, which consists of all consumers nationwide who purchased the Nutella & Go! snack packs since 2012. Ferrero's sales of the Nutella & Go! snack packs nationwide since 2012 exceed $20 million. *See* Ex. B ¶ 5. From June 15, 2012 to December 5, 2018 alone, retail sales for Nutella & Go! snack packs in California alone exceed $15 million. *Id.* ¶ 6.

30. Alternatively, Plaintiff claims "consumers would have paid significantly less for the Product had they known that the package only contained 50% of the Nutella portion of the product that it had the capacity to hold." Compl. ¶ 42. Even if consumers nationwide would have paid only one third (or even one half) of the price of the Nutella & Go! snack packs, the amount at issue would still exceed $5 million. *See* Ex. B ¶¶ 5–6.

31. Plaintiff further seeks attorneys' fees, exemplary damages and statutory damages—all of which may be considered when determining whether the jurisdictional amount has been met. *See* Compl. ¶¶ 45, 46, 71, 82, & Request for Relief.

**VI.  PAPERS FROM THE REMOVED ACTION**

32. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed in the State court have been filed with the Court. True and correct copies are attached hereto as Exhibit C.

33. Pursuant to 28 U.S.C. § 1446(d), Ferrero is serving written notice of the removal of this case on Plaintiff's counsel:

> Rachele R. Byrd
> Brittany N. Dejong
> Wolf Haldenstein Adler
> Freeman & Herz, LLP
> 750 B. Street, Suite 2770
> San Diego, CA 92101
>
> Matthew M. Guiney
> Wolf Haldenstein Adler
> Freeman & Herz, LLP
> 270 Madison Avenue
> New York, NY 10016

34. Pursuant to 28 U.S.C. § 1446(d), Ferrero will promptly file a Notice of Filing of Removal with the Clerk of the Superior Court of California, County of San Francisco. A true and correct copy of this Notice is attached hereto as Exhibit D.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Ferrero hereby removes the above-captioned action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: February 5, 2019

Respectfully submitted,

By: */s/ Jeffrey E. Faucette*
Jeffrey E. Faucette (State Bar No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone: (415) 315-1669
Facsimile: (415) 433-5994
E-mail: jeff@skaggsfaucette.com

Wendy Z. Zupac (State Bar No. 294468)
David A. Forkner (*pro hac vice application forthcoming*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: wzupac@wc.com
E-mail: dforkner@wc.com

*Attorneys for Ferrero U.S.A., Inc.*