# Exhibit C



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Dec-05-2018 11:11 am

Case Number: CGC-18-571845

Filing Date: Dec-05-2018 10:58

Filed by:  ROSSALY DELAVEGA

Image: 06598237

COMPLAINT

ABRAHAM DRUCKER VS. FERRRERO USA INC.

001C06598237

**Instructions:**
Please place this sheet on top of the document to be scanned.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Ferrero USA, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Abraham Drucker, on behalf of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-18-571845 |
|---|---|

San Francisco County Superior Court, Civic Center Courthouse
400 McAllister St., San Francisco, CA 94102-4515

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rachele R. Byrd, 750 B St., Suite 2770, San Diego, CA 92101; Telephone: 619/239-4599

| DATE:<br>*(Fecha)* | DEC 0 5 2018 | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* | DE LA VEGA-NAVARRO, Rossaly | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  RACHELE R. BYRD (190634)
   byrd@whafh.com
2  BRITTANY N. DEJONG (258766)
   dejong@whafh.com
3  **WOLF HALDENSTEIN ADLER**
     **FREEMAN & HERZ LLP**
4  750 B Street, Suite 2770
   San Diego, CA 92101
5  Telephone: 619/239-4599
   Facsimile:  619/234-4599
6
   MATTHEW M. GUINEY
7  guiney@whafh.com
   **WOLF HALDENSTEIN ADLER**
8    **FREEMAN & HERZ LLP**
   270 Madison Avenue
9  New York, NY 10016
   Telephone: 212/545-4600
10 Facsimile:  212/545-4677

11 *Counsel for Plaintiff*

F I L E D
San Francisco County Superior Court
DEC 05 2018
CLERK OF THE COURT
BY: _____
Deputy Clerk



12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF SAN FRANCISCO

14 | | |
|---|---|
| ABRAHAM DRUCKER, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.  **CGC-18-571845** |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT FOR:** |
| v. | ) ) ) | 1) Violations of California's Consumers Legal Remedies Act, Civ. Code § 1750, *et seq.* |
| FERRERO USA, INC., | ) ) ) | 2) Violations of Unfair Competition Law, California Business & Professions Code § 17500, *et seq.* |
| Defendant. | ) ) ) | 3) Violations of Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* |
| | ) ) | **DEMAND FOR JURY TRIAL** |

26
27
28

CLASS ACTION COMPLAINT

## INTRODUCTION

1.     Plaintiff Abraham Drucker ("Plaintiff") brings this action on behalf of himself and on behalf of all others similarly situated against Defendant Ferrero USA, Inc. ("Ferrero," the "Company" or "Defendant") based on Defendant's misleading business practices with respect to the packaging and sale of the Company's Nutella & GO! Products ("Nutella & GO!" or the "Product").

2.     At all relevant times, and as depicted in the photographs below, Defendant has packaged and sold Nutella & GO! Products in opaque packaging that conceals from consumers the amount of product actually contained therein.

3.     Specifically, the Company packages the Product in such a way as to make it appear that the Nutella portion of the Product fills half of the Product package, just as the breadsticks or pretzels portion fills the other half of the Product, as set forth in the images below:





CLASS ACTION COMPLAINT



4.      Indeed, the Product's container mimics the design of a Nutella Jar, and reasonable consumers purchasing the Product believe that it is filled in the same manner as a traditional Nutella jar.



5.      But in fact, and in stark contrast to the Product's outer packaging, the Nutella portion of the Product consists of approximately 50% Nutella *and 50% empty space*, as set forth in the image below:



- 2 -

CLASS ACTION COMPLAINT

6.     The Products' packaging is ***entirely*** opaque, making it impossible for a reasonable consumer to see the quantity of Nutella provided in each Product.

7.     Furthermore, a cardboard sleeve wholly encircles the four, twelve and twenty-four pack Products, making it ***doubly*** difficult to examine the Product sold in these quantities prior to purchase, as set forth in the image below.

 

8.     In short, this packaging prevents the consumer from directly seeing or handling the Product and leads the reasonable consumer to believe that the package contains significantly more Nutella than it actually does.

9.     This use of nonfunctional slack fill allows Defendant to lower its costs by duping customers into thinking they are getting a better bargain than they actually receive. As a result, Defendant has realized sizable profits.

10.     Plaintiff and others have reasonably relied on Defendant's deceptive packaging in purchasing the Product at issue.  If Plaintiff and other consumers had known the actual amount of Nutella contained in the Nutella & Go! Product, they would not have purchased the Product or would have paid less for the Product.

11.     Therefore, Plaintiff and other consumers have suffered injury-in-fact as a result of Defendant's deceptive practices, including, but not limited to, out-of-pocket costs incurred in purchasing the overvalued Nutella & Go! Product.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THE PARTIES

### *Plaintiff*

12.     Plaintiff Abraham Drucker is an individual residing in San Francisco, California who, in or about October 2015, purchased Nutella & Go! Products, including the Product in the four-pack variety, from Safeway in San Francisco, California.  Plaintiff purchased the Product for consumption by his children in reliance on Defendant's packaging, which made it appear that the Nutella portion of the Product fills half of the Product package, just as the breadstick or pretzel portion fills the other half of the Product.  Consequently, he reasonably believed that he was purchasing the Product in the amount indicated by the size of the Nutella & Go! container; namely, that the Nutella portion of the Product filled half of the Product package, just as the breadstick or pretzel portion filled the other half of the Product.

13.     Plaintiff thus reasonably believed that he was buying more Nutella than he actually received.

14.     If Plaintiff had known at the time of purchase that the actual amount of Nutella in the Product was only half of what was represented by the packaging, he would not have purchased the Product or would have paid less for it.  Plaintiff would purchase the product in the future if the labeling, packaging and pricing were no longer misleading and deceptive.

### *Defendant*

15.     Defendant Ferrero first opened for business in New York City in 1969.  Ferrero has sold several well-known products, including Nutella, Tic Tac mints, Ferrero Rocher chocolate and hazelnut praline, and other "quality confections."  Ferrero maintains its principal place of business at 7 Sylvan Way, 4th Floor, Parsippany, New Jersey, 07054.  Ferrero regularly conducts and transacts business in this County, as well as throughout the United States.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  *See also* Cal. Civ. Proc. Code § 410.10.

1    17.    Personal jurisdiction over Defendant is proper because Defendant has
2  purposefully availed itself of the privilege of conducting business activities in California,
3  including, but not limited to, marketing, distributing and selling the Product to Plaintiff and
4  prospective Class members.

5    18.    Venue as to Defendant is proper in this county, pursuant to California Code of
6  Civil Procedure section 395.5. On information and belief, Defendant distributes, markets and
7  sells the Product in this County and throughout California, and Defendant is within the
8  jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have
9  a direct effect on Plaintiff and those similarly situated within the State of California.

10                                   **FACTUAL ALLEGATIONS**

11    19.    At all relevant times, Defendant has distributed, marketed, advertised and sold the
12  Product across California and the United States. Defendant sells the Product at major retail and
13  online outlets, including Amazon, Wal-Mart, Target, Walgreens and many other outlets.

14    20.    Pursuant to California Business and Professions Code section 12606(b), a
15  "container that does not allow the consumer to fully view its contents shall be considered to be
16  filled as to be misleading if it contains nonfunctional slack fill."

17    21.    Slack fill is the difference between the actual capacity of a container and the
18  volume of product contained therein. Pursuant to California Business and Professions Code
19  section 12606(b), nonfunctional slack fill is the empty space in a package that is filled to
20  substantially less than its capacity for reasons other than any one or more of the following:

21              a.    Protecting the contents of the package;

22              b.    The requirements of the machines used for packaging the product;

23              c.    Unavoidable product settling during shipping and handling;

24              d.    The extra packaging is needed to accommodate necessary labeling
25  information;

26              e.    The container has a value and use that is independent of the food it
27  contains;

28

                                            - 5 -

f.  Some minimum package size is necessary to accommodate required food labeling, discourage pilfering, facilitate handling, or accommodate tamper-resistant devices;

g.  The product container bears a "reasonable relationship" to the actual amount of product contained;

h.  The dimensions of the product are visible, or the actual size of the product is clearly depicted on the exterior packaging, with a notation that the product is "actual size";

i.  The presence of headspace is necessary to facilitate the mixing, adding, shaking, or dispensing of liquids or powders by consumers prior to use;

j.  The exterior packaging contains a product delivery or dosing device, the existence of which is readily apparent from the packaging;

k.  It is a kit designed to produce a particular result that is not dependent upon the quantity of the contents;

l.  The exterior packaging is routinely displayed using tester units or demonstrations to consumers in retail stores, so that customers can see the actual, immediate container of the product being sold, or a depiction of the actual size prior to purchase;

m.  Exterior packaging consists of holiday or gift packages and the purchaser can adequately determine the quantity and sizes of the immediate product container at the point of sale;

n.  The exterior packaging is larger due to the inclusion of a free sample or gift, the presence of which is conspicuously disclosed; or

o.  The packaging encloses computer hardware or software designed to serve a particular function which is clearly and conspicuously disclosed on the exterior packaging.

22.  Defendant's Nutella & Go! Product packaging fits squarely within the foregoing definition of non-functional slack fill under California law.

23.  As depicted in the above photos at ¶¶ 3 and 7, Nutella & Go! is sold in an enclosed and opaque container that does not allow consumers to view the contents inside. Therefore, the packaging "does not allow the consumer to fully view its contents." Cal. Bus. & Prof. Code § 12606(b).

24.     The Product's packaging is "filled as to be misleading" due to the amount of slack fill it employs.  Indeed, the Company packages the Product in such a way as to make it appear that the Nutella portion of the Product fills half of the Product package, just as the breadsticks or pretzels portion fills the other half of the Product.

25.     But in reality, the Nutella portion of the Product consists of approximately 50% Nutella and 50% *empty space*.  The Product's packaging is entirely opaque, making it impossible for a reasonable consumer to see the quantity of Nutella provided in each Product.  Furthermore, a cardboard sleeve wholly encircles the four, twelve and twenty-four pack Products, making it doubly difficult to examine the Product sold in these quantities prior to purchase.

26.     As set out in California Business and Professions Code section 12606(b), non-functional slack fill is defined as "the empty space in a package that is filled to substantially less than its capacity" and which does not fall under any of the safe harbor provisions.

27.     The amount of product that a consumer receives when purchasing the Product fills approximately 50% of the Nutella portion of the container it is packaged in, as set forth in the photo at ¶ 5.

28.     Furthermore, the packaging does not fit within any of the safe harbor provisions listed in California Business and Professions Code section 12606(b):

        a.      Pursuant to section 12606(b)(1), the slack fill does not protect the contents of the packaging, as the product is not fragile or breakable;

        b.      Pursuant to section 12606(b)(2), there is no reason that machines used for enclosing the contents of the package could not fill the void with Nutella;

        c.      Pursuant to section 12606(b)(3), the slack fill is not necessary to accommodate product settling, as Nutella is not the sort of product that "settles";

        d.      Pursuant to section 12606(b)(4), the container does not need to be larger to accommodate necessary labeling information;

        e.      Pursuant to section 12606(b)(5), the container is not decorative or representational, and does not have a value that is both significant in proportion to its value and independent of its function to hold the product;

f.      Pursuant to section 12606(b)(6), the packaging is not needed to prevent theft or accommodate required labeling or tamper-resistant devices;

g.      Pursuant to section 12606(b)(7), the container does not bear a reasonable relationship to the actual amount of product contained inside, and the amount of the product therein is not visible to the consumer at the point of sale;

h.      Pursuant to section 12606(b)(8), neither the dimensions of the immediate product container nor the product are visible through the exterior packaging, and the size of the immediate product container is not clearly and conspicuously depicted on the exterior packaging;

i.      Pursuant to section 12606(b)(9), the slack fill is not necessary to facilitate mixing, shaking, or dispensing of the product;

j.      Pursuant to section 12606(b)(10), the outer container is not a delivery or dosing device for the product;

k.      Pursuant to section 12606(b)(11), the outer container is not a kit or system designed to produce a result not dependent on the quantity of the contents;

l.      Pursuant to section 12606(b)(12), the product is not routinely displayed outside of its packaging such that consumers can see the actual, immediate container of the product being sold prior to purchase;

m.      Pursuant to section 12606(b)(13), the exterior packaging is not a holiday or gift packaging;

n.      Pursuant to section 12606(b)(14), the packaging does not contain a free sample or gift which necessitates larger packaging; and

o.      Pursuant to section 12606(b)(15), the packaging does not contain computer hardware or software.

29.     Defendant's packaging is misleading to reasonable consumers, including Plaintiff and Class members, and serves only to maximize Defendant's profits.

30.     Defendant knows, or should know, that consumers, like Plaintiff and other Class members, reasonably rely on the size and style of the packaging in purchasing the Product, and would reasonably believe that the packaging contains much more Nutella than it actually does.

31.     In reasonable reliance on the size and style of the packaging, Plaintiff and Class members purchased the Product.

32.     Plaintiff and Class members do not know, did not know, and have no reason to know, that the Nutella & Go! Product packaging contains a significant amount of empty space at the time of purchase because the containers are opaque with no view of the contents inside.

33.     For example, numerous consumers reviewing the Product on Amazon.com observed that the packaging was misleading:

a.     "Great Idea, But Oh Nutella How Dashed My Happiness!!!, October 3, 2015. I should give this one star for its addictive nature, but alas, Nutella, how I love thee. However, it only gets 3 stars for *being deceitfully skimpy* with the Nutella! When you open the package, you see two compartments, one for the cookie sticks the other holding the Nutella. Seeing the cookie stick as merely a means to scoop the luscious silky chocolate, I of course mounded a heaping pile onto the stick thinking I had chocolate love all the way down to the bottom of the container. You can only imagine the immense disappointment when I discovered *the chocolate compartment only goes down half way!!!* My heart sank and I was stranded with a pile of cookie sticks and no more chocolatey goodness. Oh Nutella, how could you be so cruel?"[1] (Emphasis added).

b.     "Delicious, but a lot of packaging waste, June 21, 2015. I bought these for snacks for our group meetings at work. People really love them! The container shape doesn't really make sense – I know it's supposed to look like a nutella jar, but it would be easier to get all the nutella if it were a shallower/wider shape. That being said, *the nutella pocket is not as deep as it looks — it only goes down halfway!* Since nutella is shelf stable, it would be much more economical to just get a normal jar of nutella and some plain cookies to spread it on for our group – these aren't really made for sharing and it's kind of *a lot of packaging waste*. But it's

---

[1]     *Customer Review*, AMAZON.COM, https://www.amazon.com/gp/customer-reviews/R185QJA2RHCED9/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B004RREF5S (last visited November 27, 2018).

1   definitely our most popular snack option, and I'm sure anyone would be happy to have this on a
2   car ride or in their lunches."[2]  (Emphasis added).

3          c.      "Only half full, April 1, 2017.  Taste great but I feel like ***Nutella shorts***
4   ***you on the actual Nutella. It's only half full***."[3]  (Emphasis added).

5          d.      "Wonderful taste in a convenient package. February 17, 2015.  Slightly
6   salty pretzel sticks go great with Nutella. The taste is amazing, but very sweet. You will want to
7   pair this with a drink.  The serving size is just right, but I didn't pace myself and ran out of
8   Nutella before I used all of the pretzel sticks. ***The package is slightly deceiving. The depth of***
9   ***the Nutella chamber is only about half the depth of the pretzel chamber***, but this allows you to
10  'double dip' after biting off some of the pretzel without having to stick your fingers into the
11  Nutella chamber."[4]  (Emphasis added).

12         34.    Indeed, as set forth above, reasonable consumers know that the Product is
13  designed to "look like a nutella jar" and reasonable consumers know that Defendant's other
14  product, Nutella sold separately in a jar, is filled ***completely*** to the bottom of the relevant
15  container, as set forth in the image below:



[2]     *Customer Review*, AMAZON.COM, https://www.amazon.com/gp/customer-reviews/RN20TRSYL4CZ/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B004RREF5S (last visited November 27, 2018).
[3]     *Customer Review*, AMAZON.COM, https://www.amazon.com/gp/customer-reviews/R2K8XFO9KVYMJN/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B004RREF5S (last visited November 27, 2018).
[4]     *Customer    Review*,    AMAZON.COM,    https://www.amazon.com/gp/customer-reviews/R3ERNI6H7O18WN/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00V54EA74   (last visited November 27, 2018).

CLASS ACTION COMPLAINT

35.     A reasonable consumer cannot accurately determine the fill of the Product by shaking or squeezing the packaging, and is certainly not expected to do so prior to purchasing the Product.

36.     Indeed, the Product label does not independently disclose the weight of the Nutella portion of the Product.

37.     To this day, Defendant continues to sell the Product in deceptive packaging, without disclosing the true nature of the contents therein. Because the packaging does not contain the amount of product reasonably expected by Plaintiff and Class members, Defendant's uniform practice of filling and packaging the Product in the foregoing manner was and continues to be misleading and deceptive and cheats consumers.

38.     Each consumer has been exposed to the same or substantially similar deceptive practice, with the same misleading size and style of packaging, containing approximately 50% non-functional slack fill in the Nutella half of the Product.

39.     Plaintiff and other consumers have paid an unlawful premium for the Product. If Plaintiff and Class members knew how little product they were getting, Plaintiff and Class members would not have purchased the Product or would have paid less for it.

40.     Therefore, Plaintiff and other consumers purchasing the Product suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

41.     As a result of their reliance on Defendant's representations, consumers have suffered an ascertainable loss of money, including, but not limited to, out-of-pocket costs incurred in purchasing the Product, which Plaintiff and other consumers have paid an unlawful premium for. Specifically, they have paid for an amount of product that they expected but never received.

42.     Plaintiff and other consumers would have paid significantly less for the Product had they known that the package only contained 50% of the Nutella portion of the product that it had the capacity to hold.

43.     In the alternative, Plaintiff and other consumers would not have purchased the Product at all had they known that the package only contained 50% of the product that it had the capacity to hold.

44.     Therefore, Plaintiff and Class members suffered injury-in-fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

45.     Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, Defendant realized sizable profits.

46.     As a result of its misleading business practice, and the harm caused to Plaintiff and Class members, Defendant should be enjoined from using this deceptive packaging, and should be required to pay for all damages caused to Plaintiff and Class members.

## CLASS ALLEGATIONS

47.     Plaintiff brings this action as a class action on behalf of himself and all others similarly situated for the purpose of asserting claims alleged in this Complaint on a common basis. Plaintiff's proposed classes are defined under California Code of Civil Procedure section 382. Plaintiff proposes to act as representative of a nationwide class (the "Class") comprised of all persons who reside and purchased the Product in the United States at any time since 2012 (the "Class Period").

48.     Plaintiff also brings this action on behalf of two sub-classes: the California Sub-Class, comprised of all Class members who resided in California when they purchased the Product; and the CLRA Sub-Class, comprised of all members of the California Sub-Class who are "consumers" within the meaning of California Civil Code section 1761(d).

49.     Collectively, the Class and the Sub-Classes are referred to as the "Classes."

50.     Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.

51.   Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and/or Sub-Classes should be expanded or otherwise modified.  There is a well-defined community of interest in the litigation and the Classes are readily ascertainable.

52.   The Classes for whose benefit this action is brought are so numerous and geographically dispersed that joinder of all members is impractical.

53.   Plaintiff is unable to state the exact numbers of members of the Classes without discovery of Defendant's records but, on information and belief, allege that the members of the Classes number in the millions.

54.   Plaintiff is typical of the members of the Classes in that his claims are based on the exact same facts and legal theories as the claims of all other Class members.

55.   There are questions of law and fact common to the Classes which predominate over any questions affecting only individual members.  The common questions of law and fact affecting the rights of all members of the Classes include the following:

a.   Whether the Product's packaging contains non-functional slack fill;

b.   Whether Defendant's conduct was unlawful, unfair, and/or deceptive;

c.   Whether Defendant's conduct violates federal and/or state consumer protection laws;

d.   Whether Plaintiff and other Class members are entitled to equitable relief, including, without limitation, a preliminary and/or permanent injunction;

e.   Whether Plaintiff and other Class members are entitled to damages;

f.   Whether Defendant knew or reasonably should have known of the deceptive representations and omissions relating to the Product packaging; and

g.   Whether Defendant is obligated to inform Class members of their right to seek reimbursement for having paid for the Product in reliance on Defendant's misrepresentations.

56.   Each of these common questions of law and fact is identical for each and every member of the Classes.

57.     Plaintiff is a member of the Classes he seeks to represent, and his claims arise from the same factual and legal basis as those of the other members of the Classes.  Plaintiff asserts the same legal theories as do all members of the Classes.

58.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having obtained qualified and competent legal counsel to represent himself and those similarly situated.

59.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent adjudications and would cause needless expenditure of judicial resources, and as such, prosecution on a class basis is superior to other methods of adjudication.

## COUNT I

### Violation of California's Consumers Legal Remedies Act,
### California Civil Code § 1750, *et seq.*

60.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61.     Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the CLRA Sub-Class.

62.     Defendant is a "person" as defined by California Civil Code section 1761(c).

63.     Plaintiff and CLRA Sub-Class members are "consumers" within the meaning of California Civil Code section 1761(d) because they bought the Product for personal, family, or household purposes.

64.     California Civil Code section 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By packaging the Product in its current misleading packages, Defendant has represented and continues to represent that the Product has quantities which it does not have.

65.     Therefore, Defendant violates section 1770(a)(5) of the Consumers Legal Remedies Act ("CLRA").

66.     California Civil Code section 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By deceitfully packaging the Product in a container with significantly greater volume than the product contained therein, and then intentionally selling the Product in a manner that does not meet consumer expectations as to the quantity of Nutella contained in the packaging, Defendant has violated section 1770(a)(9) of the CLRA.

67.     At all relevant times, Defendant knew or reasonably should have known that the Product's packaging contained a significant amount of nonfunctional slack fill, and that Plaintiff and other members of the CLRA Sub-Class would reasonably and justifiably rely on the size and style of the package in purchasing the Product.

68.     Plaintiff and members of the CLRA Sub-Class have reasonably and justifiably relied on Defendant's misleading and fraudulent conduct when purchasing the Product. Moreover, Defendant's fraudulent and misleading conduct is material in that a reasonable consumer would have considered the amount of product contained in the packaging to be important in deciding whether to purchase the Product or pay less. Therefore, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and members of the CLRA Sub-Class.

69.     Plaintiff and members of the CLRA Sub-Class have suffered and continue to suffer injuries caused by Defendant, because they would not have purchased the Product, or would have paid significantly less for the Product, had they known that Defendant's conduct was misleading and fraudulent.

70.     As a direct and proximate result of Defendant's unfair methods of competition and/or unfair and deceptive practices, Plaintiff and the CLRA Sub-Class have suffered and will continue to suffer actual damages.

71.     Under California Civil Code section 1780(a), Plaintiff and members of the CLRA Sub-Class seek damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate for Defendant's violations of the CLRA. Plaintiff seeks to enjoin Defendant from use of deceptive non-functional slack fill in its products.

72.     Plaintiff provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code section 1782(a) on April 3, 2018.

73.     Defendant failed to provide appropriate relief for its violations of the CLRA within 30 days. Therefore, Plaintiff now seeks monetary and compensatory damages, in addition to injunctive and equitable relief.

74.     Pursuant to California Civil Code section 1780(d), attached hereto is the affidavit showing that this action has been commenced in the proper forum.

## COUNT II

### Violation of California Business & Professions Code § 17500, *et seq.*

75.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

76.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of the California Sub-Class.

77.     California Business and Professions Code section 17500 prohibits unfair, deceptive, untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, without limitation, false statements as to the use, worth, benefits, or characteristics of the property.

78.     Defendant has represented and continues to represent to the public, including Plaintiff and Class members, through its deceptive packaging, that more Nutella is contained therein than actually is.  Defendant's representation is misleading because the packing only contains 50% of the amount of Nutella in that portion of the Product compared to what the packaging could potentially hold.  Defendant made such untrue or misleading advertisements with the intent to dispose of said merchandise.

79.     Defendant knew, or in the exercise of reasonable care should have known, that these representations were misleading and deceptive, and that such representations continue to be misleading.

80.     As a result of their reliance on Defendant's misrepresentations, Class members suffered an ascertainable loss of money, property, and/or value of the product.

81.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

82.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class. Pursuant to section 17535 of the California Business and Professions Code, Plaintiff and Class Members are entitled to an order of this Court enjoining such future conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for the Product as a result of the wrongful conduct of Defendant.

## COUNT III

### Violation of California Business & Professions Code § 17200, *et seq.*

83.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

84.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of himself and on behalf of the California Sub-Class.

85.     As a result of their reliance on Defendant's misrepresentations and omissions, Class members suffered an ascertainable loss of money, property, and/or value of the Product.

86.     The Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

87.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

88.     Defendant's false and misleading advertising of the Product therefore was and continues to be "unlawful" because it violates California Business and Professions Code section 12606(b), because it contains unlawful non-functional slack fill as detailed herein.

89.     Furthermore, Defendant's acts, conduct and practices also constituted violations of the CLRA, and violations of California's False Advertising Law.

- 17 -

90.     By its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

91.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

92.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages. Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to sections 17203 and 17204 of the California Business and Professions Code.

## **REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

a.      An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Classes, and designating the undersigned as Class Counsel;

b.      An order enjoining Defendant from further deceptive advertising, sales, and other business practices with respect to the Product's packaging;

c.      A declaration requiring Defendant to comply with the various provisions of California's False Advertising Law and the CLRA alleged herein and to make all the required representations;

d.      An award to Plaintiff and the Classes for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

e.      A declaration that Defendant must disgorge, for the benefit of the Classes, all or part of the ill-gotten profits it received from the sale of the Product, or make full restitution to Plaintiff and members of the Classes;

f.      An award of attorneys' fees and costs, as allowed by law;

g.      An award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5;

- 18 -

1            h.     An award of pre-judgment and post-judgment interest, as provided by law;

2            i.     Leave to amend the Complaint to conform to the evidence produced at

3  trial; and

4            j.     Such other relief as may be appropriate under the circumstances.

5                    **DEMAND FOR TRIAL BY JURY**

6     Plaintiff hereby demands a trial by jury.

7  DATED:  December 4, 2018          **WOLF HALDENSTEIN ADLER**

8                        **FREEMAN & HERZ LLP**

9

10                        RACHELE R. BYRD

11              RACHELE R. BYRD (190634)
                 BRITTANY N. DEJONG (258766)

12              750 B Street, Suite 2770
                 San Diego, CA 92101

13              Telephone:  619/239-4599
                 Facsimile:  619/234-4599

14

15              **WOLF HALDENSTEIN ADLER**
                **FREEMAN & HERZ LLP**

16              MATTHEW M. GUINEY
                 270 Madison Avenue

17              New York, NY 10016
                 Telephone:  212/545-4600

18              Facsimile:  212/545-4677

19              *Counsel for Plaintiff*

20

21

22

23

24

25

26

27

28  NUTELLA:25216

- 19 -

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rachele R. Byrd (190634)<br>WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>750 B Street, Suite 2770, San Diego, CA 92101<br>TELEPHONE NO.: 619/239-4599    FAX NO.: 619/234-4599<br>ATTORNEY FOR *(Name):* Plaintiff Abraham Drucker | **FILED**<br>San Francisco County Superior Court<br>DEC 05 2018<br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Abraham Drucker v. Ferrero USA, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | CG C...<br>1 J - 57 1845 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  III: Violations of Civ. Code § 1750, Bus. & Prof. Code §§ 17500 & 17200
5. This case [✓] is  [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/4/2018
Rachele R. Byrd
_____
(TYPE OR PRINT NAME)                              ▶ *Rachele RByrd*
                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(If the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Dec-05-2018  3:54 pm

Case Number: CGC-18-571845

Filing Date: Dec-05-2018 3:54

Filed by:  ROSSALY DELAVEGA

Image: 06599291

DECLARATION OF

ABRAHAM DRUCKER VS. FERRRERO USA INC.

001C06599291

**Instructions:**
Please place this sheet on top of the document to be scanned.

RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

MATTHEW M. GUINEY
guiney@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4677

*Counsel for Plaintiff*



F I L E D
San Francisco County Superior Court
DEC 0 5 2018
CLERK OF THE COURT
BY: _____
Deputy Clerk



SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ABRAHAM DRUCKER, on behalf of himself and all others similarly situated, | CASE NO. **CGC-18-571845** |
| Plaintiff, | **DECLARATION OF ABRAHAM DRUCKER IN SUPPORT OF VENUE FOR CLASS ACTION COMPLAINT PURUSANT TO CIVIL CODE SECTION 1780(d)** |
| v. | |
| FERRERO USA, INC., | |
| Defendant. | |

I, ABRAHAM DRUCKER, declare under penalty of perjury as follows:

1.      I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information and belief, and as to those matters I believe them to be true.  I am over the age of eighteen, a citizen of the State of California, and a Plaintiff in this action.

2.      Pursuant to California Civil Code section 1780(d), this Declaration is submitted in

- 1 -
Declaration of Abraham Drucker in Support of Plaintiff's Selection of Venue for Trial

support of Plaintiff's Selection of Venue for the Trial of Plaintiff's Cause of Action alleging violation of California's Legal Remedies Act.

3. I reside in San Francisco, California, which is in the County of San Francisco.

4. I purchased Nutella & GO! Products in or about October 2015 in San Francisco, California.

5. I am informed that Defendant Ferrero first opened for business in New York City in 1969. Ferrero has sold several well-known products, including Nutella, Tic Tac mints, Ferrero Rocher chocolate and hazelnut praline, and other "quality confections." Ferrero maintains its principal place of business at 7 Sylvan Way, 4th Floor, Parsippany, New Jersey, 07054.

6. On information and belief, Ferrero regularly conducts and transacts business in this County, as well as throughout the United States.

7. The transaction described above forms the basis of this action, or a substantial portion thereof, and occurred in the County of San Francisco.

8. I declare under the penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed November 30, 2018, in San Francisco, California

Abraham Drucker

- 2 -

Declaration of Abraham Drucker in Support of Plaintiff's Selection of Venue for Trial

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

ABRAHAM DRUCKER

PLAINTIFF (S)

VS.

FERRRERO USA INC.

DEFENDANT (S)

**Department 304**

**NO. CGC-18-571845**

**Order Denying Complex Designation For Failure to File Application Requesting Designation**

ATTENTION ALL COUNSEL AND SELF-REPRESENTED PARTIES:

 Complex Designation is DENIED without prejudice. The Application for Approval of Complex Designation has not been filed and provided to Department 304 pursuant to San Francisco Superior Court Local Rule 3.6.

 Pursuant to Government Code §70616, et seq., parties who do not plan to file an Application for Complex Designation may seek a refund of any complex litigation fees that they have paid.

 IT IS SO ORDERED.

DATED:  JAN-07-2019

Curtis Karnow
_____

JUDGE

Order Denying Complex Designation For Failure to File Application Requesting Designation
Form 000015

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-07-2019 I served the attached Order Denying Complex Designation For Failure to File Application Requesting Designation by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :   JAN-07-2019                              By: MARIA OLOPERNES

RACHELE RENEE BYRD (190634)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP,
750 B ST STE 2770,
SAN DIEGO, CA  92101

CERTIFICATE OF SERVICE BY MAIL
Form 000015

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **MAY-08-2019** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**